UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN NICHOLAS HELBURN,<br><br>              Petitioner,<br><br>  v.<br><br>TYRELL DAVIS,<br><br>              Respondent. | Case No. 1:24-cv-00332-CWD<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Nathan Nicholas Helburn filed a document captioned for the Ninth Circuit Court of Appeals and titled, "Application for Leave to File Second or Successive Petition." Dkt. 1. The Clerk of Court has construed this document as a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction for second-degree murder.

      The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

INITIAL REVIEW ORDER - 1

## REVIEW OF PETITION

**1.     Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4.

**2.     Discussion**

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks omitted).

Petitioner has previously filed two habeas corpus cases related to his second-degree murder conviction. *See Helburn v. Yordy*, No. 1:19-cv-00127-REB (D. Idaho, dismissed Sept. 30, 2019); *Helburn v. Blades*, No. 1:11-cv-00323-EJL (D. Idaho, dismissed Oct. 27, 2011). However, Petitioner does not need to obtain authorization to file a second or successive petition. Because both of Petitioner's previous habeas cases were dismissed without prejudice, the instant petition is not second or successive. *See Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000).

Though Petitioner need not obtain Ninth Circuit authorization to file the instant petition, this petition does not contain sufficient facts to permit Petitioner to proceed at this time. Habeas Rule 2(c) requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground. The initial pleading in this case simply does not do so.

Nor has Petitioner complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This Court has adopted a local form for § 2254 petitioners. Therefore, within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Rule 2(d).

## ORDER

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above.

2. The Clerk of Court will be directed to provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition.

3. If Petitioner fails to file a timely amended petition, this case may be dismissed for failure to prosecute or failure to comply with a court order. Dismissal in this manner would operate as an adjudication on the merits and would prevent Petitioner from re-filing a federal habeas corpus petition challenging the same conviction or sentence.

4. Petitioner has neither paid the $5.00 filing fee nor applied for in forma pauperis status. If Petitioner files an amended petition, he should also pay the fee or submit an in forma pauperis application. Forms for such applications are available at the prison resource center.

DATED: September 3, 2024

Honorable Candy W. Dale
U.S. Magistrate Judge